For the Petitioner:
 DAVID DEE, ESQUIRE. SPECIAL PUBLIC DEFENDER
For the Respondent:
 VINCENT DOOLEY, ESQUIRE. ASSISTANT STATE'S ATTORNEY CT Page 7366
DECISION
THE COURT: The Court is prepared to render it's decision from the bench.
First of all, there's no question that the defendant was, probably remains a drug dependent individual to this very day. There's no question that the petitioner preferred hospital setting in preference to a prison setting; that's only natural. There's no doubt in this Court's mind that the petitioner told his lawyer he was strung out, at least at one point in time. However, I make a specific finding that inasmuch as he had been incarcerated pre-trial, he was not strung out either on the day his plea was canvassed nor on the date of sentencing.
There is no question in this Court's mind that the petitioner told his lawyer that he was afraid of going to prison because of the possible meeting of people that he had ratted on and a good question in his own mind that he might be subjected to some violence as a result thereof. But this Court can take judicial notice of the fact that this is an everyday occurrence in the criminal courts of the State of Connecticut and there are certain precautionary measures that are taken in the ordinary course, such as recommendations on the mitt made by the Court itself, protective custody, segregation, and in the most serious cases, the transfer of the prisoner out of the state.
The Court makes a specific finding that Mr. Canning never promised the petitioner drug treatment.
The Court makes a specific finding that Mr. Millette knew that he had no chance whatsoever of getting drug treatment.
The Court makes a specific finding that 89-390 motions had been filed and were withdrawn prior to Mr. Millette's plea.
The Court makes a specific finding that drug treatment had no part in the plea bargain, with the exception that there would be no request for drug treatment.
The Court makes a specific finding that the petitioner was not a novice to the criminal justice system of this state or of at least one other state in CT Page 7367 the United States.
The Court makes a specific finding that he had been canvassed on other guilty pleas on at least three prior occasions; that he was not unfamiliar with a plea canvass; that he was no unfamiliar with what rights he had to speak up on his own behalf if he had disagreed with anything that his lawyer either said or did, either during the plea canvass or the sentencing procedure itself.
Assuming arguendo that the police authorities had told him that in consideration for his cooperation and, quote, "ratting on people," he would get drug treatment as opposed to a prison setting, that has absolutely nothing to do with either his lawyer, or the Court, or the sentence. Police authorities are incapable of binding the courts.
The presentence investigation, at least in accordance with certain comments of the Court in the transcript of May 2d 1990 on page five, indicates to this Court that the plea agreement was discussed between Mr. Millette and the probation officer that prepared the presentence investigation report, leading this Court to make a logical conclusion that the plea agreement was gone over prior to the actual sentencing date with the probation officer who was doing the presentence report.
The Court further makes a finding of fact that prior to his pleas in Windham County, the petitioner pleaded guilty to certains cases in Tolland County which were then transferred to Windham County for consolidation for sentencing.
The Court can conclude one of two things from that: either he was fully canvassed in Tolland County, including asked specifically whether or not any other promises were made to him except for the bottom line agreement of twelve after eight with five years probation, or as the petitioner himself stated, it was open-ended and the sky was the limit, so that in any event because he did not introduce the presentence investigation report or the plea canvass from Tolland County, the Court can assume that either of those documents would have been negatively affecting his claims in this habeas corpus proceeding.
The Court concludes that the plea canvass of April 4th, 1990 read as whole fulfills the requirements CT Page 7368 of Section 712 of the Practice Act, that there was substantial compliance, and I refer specifically to page five:
"The Court: So, the total effective sentence is twelve suspended after eight, followed by how much probation?
"Mr. Canning: It is five years. That's what was discussed.
"The Court: Mr. Millette, is that your understanding also of the plea agreement, twelve years, execution suspended after you serve eight years followed by five years probation?
"The Defendant Millette: Everything was to my understanding except the probation, but I ain't got no choice in this matter, so —
"The Court: You certainly have a choice. You have a choice of pleading not guilty and having a trial.
"The Defendant: I'm pleading guilty."
After all is said and done, the Court can attach absolutely no credibility whatsoever to the testimony of Mr. Millette. The petition is dismissed.
CERTIFICATION
I hereby certify that the foregoing is a true and correct transcript from the tapes of the proceedings held in the above-entitled case heard before the Honorable Howard Scheinblum, at the Superior Court, Tolland Judicial District, Rockville, Connecticut on the 29th day of August, 1991.
Dated this 23nd day of September, 1991 at Rockville, Connecticut.
June C. DePolito Court Monitor